Points decided.

## STATE OF OREGON, Respondent, *v.* JOHN D. WHITNEY AND S. A. HIBERT, Appellants.

APPEAL—OBJECTION WAIVED.—An objection that the judge presiding where the judgment appealed from was rendered was not authorized to sit can not be considered in the appellate court, unless it was made in the court below.

RIGHT TO OFFICE CAN NOT BE QUESTIONED COLLATERALLY.—The right of a person to hold the office of judge can not be tried collaterally in a criminal action. The only way of determining that question is by an action to prevent the usurpation of an office as provided for in Title V, of chapter 4, of the Civil Code.

INDICTMENT—GRAND JURY, PROCEEDINGS BEFORE.—An attorney engaged to assist the prosecution was, at the request of the district attorney, present before the grand jury at an examination upon a criminal charge by them: *Held*, that this was not a cause for setting aside the indictment found in such proceeding, nor a ground of reversal of the judgment subsequently rendered.

INDICTMENT FOR MURDER—CRIMINAL LAW—INSTRUCTIONS.—Upon a trial for murder in the first degree, the court charged the jury, that from the evidence there was but little, if any, room to doubt that deceased was deliberately and willfully murdered while riding on horseback on the public highway. The court further charged the jury as follows: "Circumstances have been proven which are claimed to establish the fact that the defendant committed the deed:" *Held*, that these instructions assumed facts which it was the exclusive province of the jury to find and were erroneous; that an admission on the trial that the deceased was killed by a gunshot, at the time and place charged, was not an admission that he was murdered.

IDEM—ADMISSIONS—WHERE NO QUESTION IS MADE AS TO DEGREE OF GUILT. —The plea of not guilty is a continuous denial of every allegation in the indictment, and of every statement of the witnesses, who testify against the defendant, and he does not admit the degree of the crime charged by the omission to make any question as to such degree. But by this it is not meant that where certain facts have been testified to, the court may not say to the jury, that if they believe the testimony to be true, they should find the defendant guilty in the first degree.

*Per* MR. JUSTICE BOISE, dissenting:

ADMISSIONS—DEFENDANT PRECLUDED FROM DENYING, WHEN.—A judge can assume in his charge that any fact in the case is not disputed, if such is the case, and if a party wishes to dispute this assumption, he is bound to say so to the court at the time, and have the matter corrected, or the fact of the admission settled; and it is not sufficient simply to except to so much of the charge without saying more.

IDEM—CONSTRUCTION.—The words "there is no question as to the degree of the crime," are in effect a statement that the degree of the homicide is admitted. The admission that deceased was killed at the time and place

charged by a gunshot, and the admission that the killing was murder in the first degree made it proper to charge that the deceased had been willfully and deliberately murdered.

APPEAL from Marion County.   The facts are stated in the opinion.

*Rufus Mallory and J. A. Stratton,* for appellant.

*J. J. Whitney, District Attorney, and Bonham & Ramsey,* for the state.

By the Court, KELLY, C. J.:

The defendant, John D. Whitney, was jointly indicted with S. A. Hibert in the circuit court for Marion county, at the regular term commencing on the twenty-first day of October, 1878, and tried and convicted of murder in the first degree at a special term in November following.   On the seventeenth day of October, of the same year, an act of the legislative assembly entitled "an act to provide for the election of supreme and circuit judges in district classes" was approved.   The regular term of the court was held by Hon. R. P. Boise, who was judge of the third judicial district before the approval of that act.   And the special term was held by Hon. B. F. Harding, who was appointed judge of that district to succeed Judge Boise.

Objection is now made by defendant that after the approval of that act Judge Boise was not authorized to hold the regular term of the court, because he then ceased to be the judge.   And that Judge Harding was not authorized to hold the special term, because he was appointed by the governor instead of being elected as required by the constitution of Oregon.

These objections were not made in the court below, and for this reason can not be considered here.   Section 226 of the criminal code provides that "an appeal to the supreme court may be taken by the defendant from a judgment on conviction in a circuit court; and upon the appeal, any actual decision of the court, in an intermediate order or proceeding forming part of the judgment-roll as prescribed by section 212, may be reviewed."

Even if objection had been made in the circuit court to either of these judges holding the terms of the court, and exceptions taken to the ruling of the judge, we can not see how the right to hold the office of circuit judge could be tried collaterally in a criminal action. The only mode of determining that question is by an action to prevent the usurpation of an office as provided in title V, of chapter 4, of the civil code.

Before the commencement of the trial the defendant moved the court to set aside the indictment against him, for the reason that during the sitting of the grand jury which found it, a person not authorized by law to be there was present and examined some of the witnesses upon whose testimony the indictment was found. The court overruled the motion to set aside, and the defendant excepted to the ruling.

Section 115 of the criminal code provides that "the indictment must be set aside by the court upon the motion of the defendant in either of the following cases:

"1. When it is not found indorsed and presented as prescribed in chapter 7 of this code.

"2. When the names of the witnesses examined before the grand jury are not inserted at the foot of the indictment, or indorsed thereon."

These, we hold, are the only two cases for which an indictment can be set aside; and as the section prohibiting any person, other than the district attorney from appearing before the grand jury is not in chapter 7, there was no error in the ruling of the court.

Several objections have been taken to the proceedings of the circuit court, which, upon argument, have been presented for our consideration, to wit:

1. The judge of said court (Judge Harding) had no right to sit in said cause, because he was an attorney for defendant before he was appointed a judge.

2. The verdict is insufficient to support the judgment, because it is not entitled of any court.

3. The jury was polled and discharged on Sunday.

4. That an order changing the record in said cause was made in the absence of defendant and his counsel.

It is sufficient for us to say that the record does not show that these matters were considered by the court below, nor any exception taken by the defendant which will authorize this court to review them.   Were they properly before us there is nothing in either of these points which would be a cause for reversing the judgment.   Certain other objections were taken by defendant to the admission of testimony upon the trial, and duly excepted to, but they have not been argued here, and are therefore considered to be abandoned.

Several exceptions have been taken by the defendant to the charge of the court, delivered to the jury.   It is alleged by him that the court assumed certain facts to have been proven on the trial, instead of leaving it to the jury to determine whether they were proven or not.   As these assignments of error all involve the same principles they will be considered together.

The court charged the jury among other things as follows:   1.  "That Hibert was killed by a gunshot on that day in Marion county is clearly proven by the state and not at all controverted by the defense."

2.  "We have no direct evidence as to who did the act, but from the evidence we have, there is but little if any room to doubt that Hibert was deliberately and willfully murdered while riding on horseback on the public highway."

3.  "Circumstances have been proven which are claimed to establish the fact that the defendant committed the deed."

4.  "Indeed a complete chain, each link a circumstance, and each circumstance proven beyond a reasonable doubt, may be the strongest and most reliable evidence that can be adduced, especially when each fact is proven separately by witnesses to that simple fact."

5.  "In this case you have the admitted fact that Hibert was killed by a gunshot, and we have evidence of a man being seen near the place where the body of the murdered

man was found, riding or leading a black or dark-colored horse with a white face, in the evening of the day of the death, and that defendant owned, or had in his possession, before and after the crime was committed, a horse of that color; and that the first and last mentioned horse or horses had shoes on the forefeet. We also have evidence of tracks, of limbs of trees, or brush, having been cut in the vicinity, of a knife being found in possession of defendant at the time of his arrest; of defendant's absence from home on the day of the crime, of what he said· and did immediately before leaving, and after his return, and at the time of his arrest."

6. " The evidence tends in some degree to establish one circumstance; that is, that defendant was in the immediate vicinity where Hibert's life was taken, and acting in an unusual manner, or doing as men do not usually."

7. " You have the evidence of a gun brought here for your inspection, having been concealed in the vicinity where the body was found; of that gun being the property of Vallet, and of its disappearance from his house some time before, or about the time of Hibert's death; of the size of the ball the gun carried; of the nature and size of the wound; of the presence of defendant and other persons at and about the house of Vallet the day before Hibert was shot, and the declarations of defendant made before and after the death."

8. "This evidence tends to some degree to prove two other circumstances: 1. That Hibert's death was caused by a shot discharged from that gun; 2. That the gun was taken from Vallet's house by defendant."

It is the exclusive province of the jury to. determine questions of fact. They, and they only, have a right to judge of the credibility of witnesses, and the weight and effect of their testimony. And it has always been held to be an erroneous instruction, when the court assumed any controverted fact to be proven, instead of submitting to the jury the question whether or not it has been established by the testimony before them; section 198, on page 145, of the code, provides that:

"In charging the jury, the court shall state to them all matters of law which it thinks necessary for their information in giving their verdict, but it shall not present the facts of the case, but shall inform the jury that they are the exclusive judges of all questions of fact."

In the case now under consideration every material fact charged in the indictment was put in issue by the plea of not guilty. And unless clearly admitted to be true by the accused upon his trial, the court had no right to say to the jury, that it was proven, however strong the testimony may have been.

As it appears in the first exception, the court stated to the jury that it was clearly proven by the state that Hibert was killed in Marion county by a gunshot. It was an objectionable instruction to assume that this fact was proven, as it was for the jury to say whether it was or was not. Although objectionable, it probably worked no injury to the defendant, for it appears in the fifth exception that he had admitted the fact that Hibert had been killed by a gunshot. And when this admission was made by him the court had a right to say to the jury that it was an admitted fact that Hibert was killed in that manner. From an inspection of the whole record this seems to be the only admission made by the accused upon his trial in the circuit court. He admitted that Hibert was killed by a gunshot, not that he was murdered, or that the homicide was murder in the first degree. And the court clearly erred when it charged the jury in the language set forth in the second exception, as follows:

"But from the evidence we have, there is but little, if any, room to doubt that Hibert was deliberately and willfully murdered while riding on horseback on the public highway."

The admission made by the defendant that Hibert was killed, did not, as already stated, admit anything more than the mere fact that he was slain. It is true that at common law, where a homicide was admitted or proven, it raised a presumption that it was murder. But by our statute it is otherwise: "There shall be some other evidence of malice

than the mere proof of the killing to constitute murder in the first degree." (Crim. Code, sec. 519.)

And it was expressly ruled by this court in the case of *Goodall* v. *The State of Oregon*, 1 Or. 333, that "it was the evident intention of the legislature, by this statute, to impose on the prosecution some further burden than the mere proof of killing to establish the malice, which under our statute is not to be presumed from the mere proof of killing."

But it is urged on behalf of the state that the instructions set forth in the second exception was not erroneous, because the defendant virtually admitted that Hibert was murdered. And to support this, we are referred to the latter portion of the charge, where the court uses the following language to the jury: "If any crime is proven to have been committed, it is murder in the first degree. There has been no question as to the degree of the crime of murdering Hibert, and so I do not see, that under the evidence, any question as to that can arise. * * * If you find against the defendant, your verdict will be, after giving the title of the action, we, the jury, find the defendant guilty."

Admitting it to be true that the defendant did not question the degree of the crime, it by no means follows that he admitted it. Not questioning it is by no means equivalent to admitting a fact. He might have sat mute and not controverted any portion of the testimony adduced on the trial, and yet his silence could not be construed into an admission of any fact required to be proved in order to establish his guilt. The plea of not guilty was a continuous denial of every allegation in the indictment and every statement of the witnesses who testified against him. We hold that even if he did not question the degree of the crime, the defendant admitted nothing by so doing. · It follows, that in its charge to the jury the court assumed to be true—assumed to be proven, one of the great facts necessary to establish the guilt of the accused. It charged them that murder in the first degree was the only verdict they could give, unless they acquitted the defendant altogether. This

was altogether erroneous. The degree of guilt, as well as the guilt itself, should have been determined by the jury, not assumed by the court.

We do not undertake to say that when certain facts have been testified to, the court may not say to the jury that if they believe the testimony to be true, they should find the accused guilty of murder in the first degree.

We hold there was error in the charge of the court below as set forth in the second exception, and for this reason the judgment must be reversed. We therefore deem it unnecessary to pass upon the remaining exceptions taken by the defendant.

The judgment is reversed and a new trial granted.

Mr. JUSTICE BOISE, dissenting:

I agree generally with the views expressed by a majority of the court so far as the same sustains the proceeding in the circuit court, and it is not necessary to review these parts of the case in order to express my views of the law on the two points which a majority of the court hold to be erroneous.

First. That part of the charge of the court is held in error which says: "From the evidence we have there is but little room to doubt that Hibert was deliberately and willfully murdered while riding on horseback on the public highway." If the question of deliberation and the animus with which the killing was done were matters controverted in the case before the jury then this instruction was error, for it expresses to the jury an opinion by the court that certain controverted facts have been established by the evidence. It was in effect a finding by the court of facts which it was the exclusive province of the jury to find, under the direction of the court as to what facts would constitute a deliberate and willful killing.

But if there had been evidence produced in the case tending to establish the facts that the killing was deliberate and willful, and the defendant, or his counsel for him, admitted that these facts were established, and were not controverted, then it was proper for the court to say to the jury that the

facts that Hibert was deliberately and willfully killed were proven and not controverted, which is equivalent to saying that these facts were admitted in the case, and need not be inquired into by the jury. These facts that the killing was willful and deliberate, being established either by proof, or admitted in the trial, would make the crime murder in the first degree, which is defined in the statute as follows: "If any person shall purposely and of deliberate and premeditated malice kill another, such person shall be deemed guilty of murder in the first degree."

The judge, in his charge, said to the jury: "That Hibert was killed by a gunshot in Marion county is clearly proven by the state and not at all controverted by the defense," and further on in the same charge says: "In this case you have the admitted fact that Hibert was killed by a gunshot." These last quoted parts of the charge, though assigned as error, have been held by the whole court as not erroneous, for the reason that the court told the jury that these facts had been admitted, and as there is nothing in the case before this court to show that such was not the case, this court must presume that the judge stated what was true, and if it was true it was the province of the court to tell the jury what was admitted and what was controverted, in order that they might understand the questions on which they were to pass. Then, we have admitted: 1. That Hibert was killed by a shot from a gun, which is a deadly weapon, and a deliberate killing with a deadly weapon presumes malice. Then, if it be further admitted that the act was willfully and deliberately done, malice will be presumed, and we have all the ingredients of murder in the first degree. But to return to that part of the charge before reported, which a majority of the court hold to be error, where the court says: "From the evidence we have there is but little room to doubt that Hibert was deliberately and willfully murdered while riding on horseback on the public highway." In this part of the charge he does not say that the defendant admits that the killing was willful and deliberate, but in a subsequent part of the same charge, which explains this, the judge says: "If any crime

is proven to have been committed it is murder in the first degree. There has been no question as to the degree of the crime of murdering Hibert, and I do not see that under the evidence any question as to that can arise." This part of the charge was not excepted to, and is therefore admitted to be correct, so far as this case is concerned. I think, from the use of this language, the jury must have understood the judge to say in substance that it was admitted as an established fact on the trial, by the defendant or his counsel, that the killing of Hibert was murder in the first degree, which ultimate fact must include the facts from which it results that the killing was deliberate and willful. And these parts of the charge taken together, it seems to me, express in substance that the killing and degree of the crime were admitted, and that the crime was admitted to be murder in the first degree; and that the jury need not inquire into these admitted facts, and the only questions they had to consider were those tending to⁊show that the prisoner was the person who committed the crime. The other parts of the charge clearly indicate that the court understood that the facts of the homicide and the degree of the crime were not controverted, for he goes on at length and calls the attention of the jury to the circumstances claimed to be established by the prosecution, tending to show that the prisoner was the guilty party. It is agreed by the whole court that it was the province of the judge to tell the jury in his charge what facts were admitted, and direct their particular attention to the facts controverted, so that the jury should retire with a distinct idea of the questions they were called on to consider and pass upon.

The only question is, did Judge Harding say to the jury that the degree of the crime was admitted? A majority of the court think the expression that this fact was not controverted is not equivalent to an admission. I think it is. Not to controvert, is not to dispute. When a trial is in progress before a jury on several issues and as to one the defendant says to the plaintiff, who has the affirmative of the issue, I do not controvert the proposition you assert, I think that is equivalent to saying, I admit your proposition.

I think the judge could assume in his charge that any fact in the case was not disputed, if such was the case, and if a party wishes to dispute this assumption, he is bound to say so to the court, at the time, and have the matter corrected, or the fact of the admission settled; and it is not sufficient simply to except so much of the charge without saying more. (*Hoffman* v. *Ætna Fire Ins. Co.*, 1 Robertson, 521.) In that case, in speaking on that subject, the court, Judge Robertson, says: "If the learned judge assumed as the foundation of his instruction, that there was no such dispute erroneously, that error should have been corrected, not by an exception, but by calling his attention to it to have the correction made." That is, in this case, when Judge Harding said, "the degree of this homicide was murder in the first degree. There has been no question as to the degree of the crime of murdering Hibert." If the counsel wished to controvert that fact they should then have said so, and if it was not true that defendant had admitted that fact, the court would have corrected the statement and left the fact to be found by the jury, and before this court can find this statement error it must appear from the bill of exceptions that the fact was not admitted, or this court is bound to hold that the statement of the court is true.

The judge has important functions to perform in the progress of a trial by a jury; he must decide what evidence tends to prove any proposition at issue in the case; if it has no such tendency it should be rejected as irrelevant. And if to save time on the trial the parties agree that any proposition is established, such agreement is in the presence of the court, and the party who makes such admission can not afterwards retract it without leave of the court any more than he can retract his plea of guilty, and the court is and must be the judge of the fact, whether such admission is made, and that, too, whether it be oral or in writing, and the decision of the court on that matter can not be reviewed unless the agreement or admission is in writing or preserved in the bill of exceptions. (Hill. on New Trials, p. 312, sec. 69.)

It is also held by a majority of the court that the follow-

ing part of the charge was erroneous: "The evidence tends in some degree to establish one circumstance, that is, that defendant was in the immediate vicinity when Hibert's life was taken, and acting in an unusual manner or doing as men do not usually." The instruction simply calls the attention of the jury to the fact that there is some evidence in the case which tends to prove these propositions. When such evidence was offered, the court had to determine whether it tended to prove these propositions. If it was offered for that purpose, and in the opinion of the court had no tendency to prove the facts it was offered to establish, the court ought to have rejected it. "Whether or not the evidence on one side tends to establish a particular fact, is a question of law for the court; while its weight and convincing force are questions for the jury." (41 Barb. 417.) I think this instruction was not erroneous; and taking this whole charge together, I think it did not have a tendency to influence the jury to the damage of the defendant, and that the judgment should be affirmed.