Argued May 7, decided June 4, 1912.

## STATE *v.* GILLIAM.

[124 Pac. 266.]

CRIMINAL LAW—PLEA IN ABATEMENT—PRIORITY.

Under Section 1500, L. O. L.. which authorizes a plea of guilty, of not guilty, or of former conviction or acquittal against an indictment, a plea in abatement is improper.

From Wallowa: JOHN W. KNOWLES, Judge.

Syble Gilliam was convicted of unlawfully selling intoxicating liquor, and she appeals.                AFFIRMED.

For appellant there was a brief over the names of *Mr. Daniel Boyd, Messrs. Sheahan & Cooley*, with oral arguments by *Mr. Boyd* and *Mr. Daniel W. Sheahan*.

For the State there was a brief over the names of *Mr. Francis S. Ivanhoe*, District Attorney, and *Mr. Andrew M. Crawford*, Attorney General, with an oral argument by *Mr. Ivanhoe*.

MR. JUSTICE MOORE delivered the opinion of the court.

This is an appeal by the defendant, Syble Gilliam, from a judgment of conviction for an unlawful sale of intoxicating liquor in Wallowa County. A plea in abatement was interposed to the maintenance of the action on the ground that, when the question of finding the indictment herein was being considered, J. A. Burleigh, who was neither a member of the grand jury, nor a witness before them, nor the district attorney nor his deputy was present in the grand jury room, whereby the accusation was unlawfully found, and in consequence thereof the cause should abate. An answer denied the averment of the plea, which issue was tried by stipulation, without a jury, whereupon the court made findings of fact to the effect that on April 26, 1909, Thomas M. Dill was appointed and duly qualified as deputy district attorney for that county and when the indictment was found he was such officer; that on November 20, 1911, J. A. Burleigh was appointed a special deputy district attorney for that county during the term of court at which the indictment in the case at bar was found, and he was commissioned by the district attorney to appear before the grand jury to examine witnesses; that as such officer Burleigh took and subscribed the required oath and elicited testimony from witnesses who appeared before the grand jury, but he was not present when such evidence was considered or the finding of the accusation herein was determined upon. As conclusions of law it

was found that Burleigh was entitled to act as a deputy district attorney when the indictment was found and authorized to appear before the grand jury. Based on such findings, it was determined that the action should not abate.

Invoking an amendment of Section 2844, L. O. L., authorizing the district attorney, if he reside in Union County, to appoint a deputy who shall reside in Wallowa County (Laws Or., 1911, c. 277), it is insisted by defendant's counsel that, when the indictment in the case at bar was found, Thomas M. Dill having been the duly appointed, legal qualified, and acting deputy district attorney of that county, Burleigh had no authority to act as a special deputy, but his presence in the room of the grand jury while they were in session rendered the indictment vulnerable to direct attack; and this being so, an error was committed in refusing to abate the action. When, under the principles of the common law, an indictment could not be successfully challenged by motion or demurrer, the usual method of contesting the validity of the accusation was by a plea in abatement. Thus where it was asserted by a defendant in a criminal action that the grand jury which indicted him was not a legal body, or that a person not a proper officer nor a witness appeared before the grand jury during their deliberations and an accusation was found, a plea in abatement, if seasonably interposed, was the correct means of testing the questions involved. 1 Bishop, New Crim. Proced. §§ 884, 884*a*; *State* v. *Davis,* 12 R. I. 492 (34 Am. Rep. 704).

The procedure resorted to in the case at bar was probably adopted in view of the decision in *State* v. *Whitney,* 7 Or. 386. In that case an attorney engaged to assist the prosecution was, at the request of the district attorney, present at a meeting of the grand jury and examined some of the witnesses on whose testimony the indictment

was found. At the proper time a motion, interposed to set aside the indictment on the ground that the acts of such assistant attorney were unauthorized, having been denied, the ruling was affirmed on appeal. It was there held that what is now incorporated as Section 1483, L. O. L., to wit: "The indictment must be set aside by the court, upon the motion of the defendant, in either of the following cases: (1) When it is not found, indorsed, and presented as prescribed in Chapter 6 of Title XVIII of this Code; (2) when the names of the witnesses, examined before the grand jury, are not inserted at the foot of the indictment or indorsed thereon"—were the only instances whereby an indictment could be quashed. In deciding that case Mr. Chief Justice KELLY, referring to the subdivisions of the section of the statute quoted, says:

"These, we hold, are the only two cases for which an indictment can be set aside; and as the section prohibiting any person, other than the district attorney, from appearing before the grand jury, is not in chapter 7, there was no error in the ruling of the court."

The clause thus alluded to as prohibiting any person other than the district attorney from appearing before the grand jury was then designated as Section 56 of Chapter 6 of the Criminal Code. Deady's Gen. Laws Or., p. 450. That prohibition is now known as Section 1424, L. O. L., and is a part of Chapter 5 of Title XVIII, and no change has been made in Section 1483, L. O. L., since the decision was rendered in *State* v. *Whitney,* 7 Or. 386, except to alter the clause in respect to number, title, and chapter.

By a parity of reasoning the conclusion reached in that case, respecting the grounds of a motion to set aside an indictment being limited to the two cases specified, must be controlling when the validity of an accusation

is challenged by a plea in abatement.  The statute contains a provision as follows:

"There are three kinds of pleas to an indictment; a plea of (1) guilty; (2) not guilty; (3) a former judgment of conviction or acquittal of the crime charged, which may be pleaded either with or without the plea of not guilty."  Section 1500, L. O. L.

As this enactment limits the pleas that may be interposed to an indictment, it necessarily excludes all others, and hence a plea in abatement in a criminal action under our code must prove unavailing.

It would seem to be needless to challenge an indictment on the grounds of the incompetency of the grand jury, for when its members are impaneled it is the practice of the trial courts of this State carefully to interrogate each person drawn for that purpose, respecting his qualifications as prescribed by statute.  Whatever opinion a grand juror may have previously entertained as to the guilt or innocence of a person suspected of the commission of a crime affords no reason for setting aside an indictment in the consideration of which he has taken any part.  *State* v. *Hamlin,* 47 Conn. 95 (36 Am. Rep. 54).  It will be seen that a disqualified person could appear before a grand jury to the prejudice of a party who might be indicted.  The remedy, however, for the evil supposed must be found in an amendment to the statute permitting the validity of the accusation to be assailed either by a motion to quash or by a plea in abatement.

The statute empowers a district attorney to make written appointments of as many deputies in each county as he may deem necessary, and to authorize such deputies or any of them to attend upon the sittings of the grand jury.  Section 2846, L. O. L.  Whether or not this section has been changed by the amendment referred to we do not deem it necessary to inquire, believing that

a plea in abatement will not lie in this State to an indictment. No error was committed in the respect alleged.

The material averments of the indictment herein are practically the same as in the case of *State* v. *Runyon,* 62 Or._____ (124 Pac. 259), and no error was committed in overruling the demurrer to the accusation.

Other alleged errors are assigned; but not deeming them of sufficient importance for consideration, and believing that the defendant had a fair trial, the judgment is affirmed.                              AFFIRMED.