Argued and submitted December 2, 1987, decisions of the Court of Appeals
and trial court affirmed February 2, 1988

STATE OF OREGON,
*Respondent on Review,*

*v.*

DAVID JOSEPH STOUT,
*Petitioner on Review.*

(TC C86-03-31225; CA A42431; SC S34328)

749 P2d 1174

John P. Daugirda, Deputy Public Defender, Salem, argued the cause and filed the petition on behalf of the petitioner on review. With him on the petition was Gary D. Babcock, Public Defender, Salem.

Brenda J. Peterson, Assistant Attorney General, Salem, argued the cause and filed the response on behalf of the respondent on review. With her on the response were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Michael D. Schrunk, Portland, filed an *amicus curiae* brief on behalf of Oregon District Attorneys Association. With him on the brief were David L. Hattrick and Charlene Woods, Deputy District Attorneys, Portland.

Before Peterson, Chief Justice, and Lent, Linde, Campbell, Carson and Gillette, Justices.

GILLETTE, J.

## GILLETTE, J.

The issue in this case is whether an indictment must be quashed if it was based, in part, on hearsay evidence. We hold that it need not be quashed.

On March 24, 1986, a Multnomah County grand jury returned an indictment charging defendant with intentional murder, felony murder and robbery. Defendant filed a motion to quash the indictment on the ground that it "was obtained by presenting improper and inadmissible evidence to the grand jury," in violation of ORS 132.320(1), which provides:

"Except as provided in subsections (2) and (3) of this section, in the investigation of a charge for the purpose of indictment, the grand jury shall receive no other evidence than such as might be given on the trial of the person charged with the crime in question."[1]

Defendant objected that some of the witnesses who testified before the grand jury had no personal knowledge of the crime and, therefore, their testimony must have been hearsay. Accompanying the motion were copies of police reports based on interviews with these witnesses. The reports tend to substantiate defendant's claim that the indictment was based, in part, on hearsay testimony.

---

[1] The remainder of ORS 132.320 provides:

"(2) A report or a copy of a report made by a physicist, chemist, medical examiner, physician, firearms identification expert, examiner of questioned documents, fingerprint technician, or an expert or technician in some comparable scientific or professional field, concerning the results of an examination, comparison or test performed by such person in connection with a case which is the subject of a grand jury proceeding, shall, when certified by such person as a report made by such person or as a true copy thereof, be received in evidence in the grand jury proceeding.

"(3) An affidavit of a witness who is unable to appear before the grand jury shall be received in evidence in the grand jury proceeding if, upon application by the district attorney, the presiding judge of the circuit court of the county in which the grand jury is sitting authorizes such receipt after good cause has been shown for the witness' inability to appear. An affidavit taken in another state or territory of the United States, the District of Columbia or in a foreign country must be authenticated as provided in ORS 194.505 to 194.575 before it can be used in this state.

"(4) The grand jury is not bound to hear evidence for the defendant, but it shall weigh all the evidence submitted to it; and when it believes that other evidence within its reach will explain away the charge, it should order such evidence to be produced, and for that purpose may require the district attorney to issue process for the witnesses."

The trial court denied defendant's motion to quash. The state voluntarily dismissed the intentional murder charge before trial. A jury subsequently convicted defendant on the robbery charge and acquitted him of felony murder. Defendant appealed his conviction, arguing that the trial court erred in denying his motion to quash the indictment. The Court of Appeals affirmed from the bench. *State v. Stout,* 86 Or App 755, 740 P2d 251 (1987). We also affirm.

The arguments in this case focus primarily on the validity of the rule set out in *State v. McDonald,* 231 Or 24, 361 P2d 1001 (1961), *cert den* 370 US 903 (1962). In *McDonald,* a grand jury returned an indictment against the defendant after hearing hearsay evidence. The state voluntarily dismissed the indictment. After a second proceeding, at which no hearsay evidence was presented, the same grand jury returned a second indictment against the defendant for the same crime. The defendant objected that the admission of hearsay evidence during the first proceeding influenced the grand jury in the second proceeding and, therefore, violated ORS 132.320. This court concluded that ORS 132.320 "is admonitory in character only, not mandatory," 231 Or at 34, and held that "the fact a grand jury may have been prejudiced by hearsay evidence or prejudicial publicity which it ought not to consider is not grounds for dismissing or quashing an indictment." *Id.* at 35.

After *McDonald* was decided, the legislature enacted OEC 101(4), which provides:

"ORS 40.010 to 40.210 and 40.310 to 40.585 do not apply in the following situations:

"* * * * *

"(b)   Proceedings before grand juries, except as required by ORS 132.320."

The unofficial commentary to OEC 101(4)(b) states, in part:

"The Oregon Supreme Court has held that the statute is admonitory only, and the fact that a grand jury may have been prejudiced by hearsay evidence not allowed under the statute is not grounds for dismissing or quashing an indictment. *State v. McDonald,* 231 Or 24, 361 P2d 1001 (1961). The Legislative Assembly disapproves this case law. It intends that the statute means what it says."

Legislative Commentary to OEC 101, published in Kirkpatrick, Oregon Evidence 4 (1982).

Defendant argues that OEC 101(4)(b) was intended to overrule this court's characterization of ORS 132.320 as "admonitory" in *State v. McDonald, supra.* The state argues that the commentary to the Oregon Evidence Code is not controlling, because it never was adopted by the legislature and is not an official part of the code. *See State v. McClure,* 298 Or 336, 344, 692 P2d 579 (1984). The state also argues that the commentary to the Proposed Oregon Criminal Procedure Code 42, § 68 (Final Report 1972) endorsed the *McDonald* court's interpretation of ORS 132.320.

However, we need not consider the effect of OEC 101(4)(b) on *State v. McDonald, supra,* because another consideration disposes of this case. ORS 135.510 provides:

"(1)    The indictment shall be set aside by the court upon the motion of the defendant in either of the following cases:

"(a)    When it is not found, indorsed and presented as prescribed in ORS 132.360 [number of jurors required to concur], 132.400 to 132.430 [indorsement of indictment as 'a true bill'; filing and inspection of indictment; prohibition against disclosing any fact concerning an indictment not subject to public inspection; indorsement of indictment as 'not a true bill'] and 132.580 [requiring names of grand jury witnesses to be on indictment].

"(b)    When the names of the witnesses examined before the grand jury are not inserted at the foot of the indictment or indorsed thereon.

"(2)    Nothing in paragraph (b) of subsection (1) of this section shall affect the application of ORS 132.580."

Although the predecessors to ORS 132.320 and 135.510 both were enacted in 1864, the legislature did not include at that time the use of inadmissible evidence as a ground for setting aside an indictment under ORS 135.510, nor has it since amended the statute to include that ground.[2] This court has long held that the grounds listed in ORS 135.510 for setting aside an indictment are exclusive. In *State*

[2] ORS 135.510 has been amended twice. In 1959, the legislature deleted a reference to *former* ORS 132.585, which had been repealed. Or Laws 1959, ch 426, § 2. In 1973, the legislature added subsection (2). Or Laws 1973, ch 836, § 178.

*v. Whitney,* 7 Or 386 (1879), the defendant filed a motion to set aside the indictment on the ground that an unauthorized person attended the grand jury proceeding and examined some of the witnesses. The trial court denied the motion, and the defendant was convicted. On appeal, this court held:

> "Section 115 of the Criminal Code [now ORS 132.320] provides that 'the indictment must be set aside by the court upon the motion of the defendant in either of the following cases:—
>
> " '1. When it is not found indorsed and presented as prescribed in chapter 7 of this Code.
>
> " '2. When the names of the witnesses examined before the grand jury are not inserted at the foot of the indictment, or indorsed thereon.'
>
> "These, we hold are the only two cases for which an indictment can be set aside; and as the section prohibiting any person, other than the district attorney, from appearing before the grand jury is not in chapter 7, there was no error in the ruling of the court." 7 Or at 388.

At that time, the predecessor to ORS 132.320 (General Laws of Oregon, ch 6, § 48, p 449 (Crim Code) (Deady 1845-1864)) was not in chapter 7 (governing "the finding and presentation of the indictment"), but in chapter 6 (defining the powers and duties of the grand jury). Thus, under the rule stated in *Whitney,* a violation of the predecessor to ORS 132.320 also would not have been a ground for setting aside an indictment.

In *State v. Justus,* 11 Or 178, 180, 8 P 337 (1883), the defendant filed a motion for a new trial on the ground that an unauthorized person had been present in the grand jury proceedings. The court affirmed the defendant's conviction because the objection to the indictment was not made until after the trial, and because no prejudice to the defendant resulted from the "irregularity" in the grand jury proceeding. In *dictum,* however, the court stated that, notwithstanding *State v. Whitney, supra,* " 'irregularities in the proceedings before the grand jury * * * may under some circumstances be taken advantage of upon a motion to quash the indictment.' " *State v. Justus, supra,* 11 Or at 180 (citing 1 Bishop, Criminal Procedure, sections 747, 748, 762).

In *State v. Kelliher,* 49 Or 77, 88 P 867 (1907), the

defendant filed a motion to quash the district attorney's information on the grounds, *inter alia,* "that West [the only witness examined by the district attorney], whose name is indorsed, had no knowledge of the facts upon which the information is based," and that "there was no legal evidence before the district attorney to sustain the charge." The court concluded that the statute defining the circumstances under which a grand jury should find an indictment applied to the district attorney in finding an information. Citing the predecessor to ORS 135.510 (then I Codes and Statutes of Oregon, title XVIII, ch IX, § 1349 (Bellinger and Cotton 1902)), however, the court held:

> "The ground of the motion relied on here does not come within the provisions of this section; and in *State v. Whitney,* 7 Or 386, it was held that these are the only two cases for which an indictment can be set aside. Although, in *State v. Justus,* 11 Or. 178 (8 Pac 337: 50 Am. Rep. 470), it is intimated, though not decided, that irregularities in proceedings before grand juries, not covered by Chapter VII, may, under some circumstances, be taken advantage of by motion to quash. However, even if the motion will lie to quash an indictment for irregularities in the proceedings before the grand jury or the district attorney, not prescribed by Chapter VII, still such motion cannot be permitted to question the sufficiency of the evidence to justify the indictment, and the motion was properly denied." 49 Or at 81.

*See also State v. Reyes,* 209 Or 595, 631-32, 303 P2d 519, 304 P2d 446, 308 P2d 182 (1957) (insufficiency of evidence to support indictment not a ground for setting aside the indictment); *State v. Broadhurst,* 184 Or 178, 251, 196 P2d 407 (1948), *cert den* 337 US 906 (1949) (same); *State v. Gilliam,* 62 Or 136, 124 P 266 (1912) (holding that the statutory list of types of pleas to an indictment was exclusive; analogizing to the rule in *State v. Whitney, supra,* that statutory grounds for setting aside an indictment were exclusive); *State v. Bock,* 49 Or 25, 88 P 318 (1907) (that the court excused a grand juror for reasons personal to the juror, and not for any of the statutory grounds for excusing a juror from service, is not a ground for setting aside an indictment; cites *State v. Whitney, supra,* for the proposition that the grounds for setting aside an indictment in the predecessor to ORS 135.510 were exclusive).

More recently, in *State v. Gortmaker,* 295 Or 505, 668

P2d 354 (1983), *cert den* 465 US 1066 (1984), this court allowed a criminal defendant to challenge, on *constitutional* grounds, the procedure used to select the grand jury that indicted him, even though the ground upon which he relied was not listed in ORS 135.510. The court noted, however, that "[r]eview of this court's rulings for over 116 years clearly reveals that if the defendant had restricted his attack to *statutory* grounds, he would be prohibited from attacking the procedure used in empaneling the grand jury." 295 Or at 509 (emphasis supplied).

Under this court's long-standing and consistent interpretation of ORS 135.510, an indictment cannot be set aside on any statutory ground save those listed in ORS 135.510. Although this court hinted in *State v. Justus, supra,* that some "irregularities" not mentioned in ORS 135.510 may be grounds for setting aside an indictment, it has never so held. It is clear, moreover, that an indictment cannot be set aside on the ground that the grand jury did not hear sufficient evidence to justify the charge, in violation of ORS 132.390.[3] *State v. Broadhurst, supra; State v. Reyes, supra; State v. Kelliher, supra.* If an indictment cannot be attacked on the ground that the grand jury heard *insufficient* evidence, it follows that it cannot be attacked on the ground that the grand jury heard the wrong *type* of evidence. Thus, under this court's interpretation of ORS 135.510, even if some "irregularities" outside that provision would justify setting aside an indictment, the admission of hearsay evidence is not among them. This court's interpretation of ORS 135.510 has become part of the statute itself, and we are bound by it until the legislature changes the statute. *See, e.g., State v. White,* 303 Or 333, 348, 736 P2d 552 (1987).

We do not reaffirm the *McDonald* court's language that compliance with ORS 132.320 is "admonitory in character only, not mandatory." That may have been only a poorly chosen way to say that noncompliance would not invalidate an indictment, whatever other sanctions might be invoked. It does not mean that prosecutors may use hearsay testimony

---

[3] ORS 132.390 provides:

"The grand jury may find an indictment when all the evidence before it, taken together, is such as in its judgment would, if unexplained or uncontradicted, warrant a conviction by the trial jury."

before grand juries. The unofficial commentary to OEC 101(4)(b) makes plain that this also was the view of those who prepared the Oregon Evidence Code. But the commentary is by no means a clear indication that the legislature intended to change this court's long-standing interpretation of ORS 135.510. Under that interpretation, the statutory defect of which defendant complains[4] is not a ground for setting aside the indictment.[5]

The decisions of the Court of Appeals and the trial court are affirmed.

---

[4] In his motion to quash, defendant cited the Fifth Amendment to the United States Constitution and Article I, section 11, of the Oregon Constitution. He has never made any argument based on those provisions or suggested in any way how a violation of ORS 132.320(1) would violate either provision. Therefore, we treat his objection as based solely on statutory grounds.

[5] Because of our disposition of this case, we need not address the state's argument that, after a criminal defendant is convicted or acquitted on a charge, defects in the indictment are moot. *See State v. Guse,* 237 Or 479, 481-82, 392 P2d 257 (1964); *see also State v. Gortmaker,* 60 Or App 723, 655 P2d 575 (1982), *aff'd on other grounds* 295 Or 505, 668 P2d 354 (1983), *cert den* 465 US 1066 (1984).