Argued 29 December, 1902; decided 26 January, 1903.

**STATE *v.* BELDING.**

· [71 Pac. 330.]

</div>

CRIMINAL LAW—INFORMATION—NEED OF PRELIMINARY EXAMINATION.

1. Section 1600 of B. & C. Comp., providing that "The defendant must in all cases be taken before the magistrate without delay," is not mandatory, but should be considered in connection with sections 1258 and 1260, providing for the filing of informations by district attorneys on or before the first day of the next regular term of the circuit court before which he is required to appear in cases where the defendant has been held to answer, and when so read it is directory only, for section 1260 permits the district attorney to charge a person with the commission of a crime without a preliminary examination before a magistrate.

INDORSEMENT OF INFORMATION BY DISTRICT ATTORNEY.

2. The district attorney alone is responsible for the filing of an information, and the fact that it is filed sufficiently indicates his conclusion as to whether an offense has been committed, without any indorsement such as is required where an indictment is returned by a grand jury.

IDEM.

3. An information filed by a district attorney indorsed "A true information," followed by the printed words "Geo. E. Chamberlain, District Attorney," is sufficiently indorsed, for by filing it the printed signature was adopted by the district attorney as his own.

INDORSING NAMES OF WITNESSES ON INFORMATION.

4. The provision of Section 1262, B. & C. Comp., that the names of all witnesses examined on oath or affirmation by the district attorney in support of an information must be added thereto before it is filed, or the testimony of such witnesses cannot be heard, is not a requirement that the accused shall be furnished with the names of intended witnesses who were examined after the filing of the information, nor a prohibition against calling other witnesses than those whose names were added to the information.

From Multnomah: MELVIN C. GEORGE, Judge.

A. L. Belding appeals from a judgment of death on a conviction of murder.          AFFIRMED.

For appellant there was a brief over the name of *Murphy, Swett & Watts*, with an oral argument by *Mr. Daniel R. Murphy*.

For the state there was a brief and an oral argument by *Mr. Geo. E. Chamberlain*, District Attorney.

MR. CHIEF JUSTICE MOORE delivered the opinion.

The defendant, A. L. Belding, was informed against, tried, and convicted of the crime of murder in the first degree, alleged to have been committed in Multnomah County, Oregon, July 11, 1902, by killing one Deborah A. McCroskey, and from the judgment which followed he appeals.

1. The bill of exceptions shows that he was arrested a few minutes after the homicide, charged therewith, and lodged in jail without bail, and without any commitment by a magistrate. The information was filed July 15, 1902, and upon being arraigned he moved to set it aside on the ground that he had been deprived of the benefit of a preliminary examination, which motion being overruled, his counsel contend that an error was thereby committed. It is argued that the following clause, prescribing the procedure in criminal cases, is mandatory, to wit, "The defendant must, in all cases, be taken before the magistrate without delay": B. & C. Comp. § 1600. It is maintained by the district attorney, however, that the following pro-

vision, passed at the same session of the legislative assembly as that quoted, must be read in connection with it, and that, when construed together, the former becomes directory only, viz.: "The grand jury may indict or present a person for a crime, when they believe him guilty thereof, whether such person has been held to answer for such crime or not": B. & C. Comp. § 1278. It is possible so to construe these sections as to permit each to remain intact, on the assumption that both were adopted as a part of the same general plan of criminal procedure; for it will be observed that, though a person charged with the commission of a crime might, upon his preliminary examination, be discharged by a magistrate, such exoneration would not preclude the grand jury from indicting him. If it be conceded that the position assumed by defendant's counsel is correct, that Section 1600, B. & C. Comp., requiring all persons arrested for the commission of a crime to be taken before a magistrate without delay, is mandatory, the act of February 17, 1899, providing for criminal prosecutions on information (B. & C. Comp. §§ 1258–1264), permits a district attorney, in our opinion, legally to charge any person with the commission of a crime without his having been taken before a magistrate for a preliminary examination. The act in question provides, in effect, that it shall be lawful for, and is made the duty of, the district attorney to file an information in the county where a crime has been committed, charging any person therewith: B. & C. Comp. § 1258. The information shall be substantially in the form and according to the manner of stating the act constituting the crime as provided for in an indictment, except that the words "district attorney" shall be used, instead of the words "grand jury," wherever they occur: B. & C. Comp. § 1259. From the time the information is filed it shall be construed like, and deemed in

all respects as, an indictment, and subject to the same pro-
ceedings, including judgment and execution, as if it had
been returned by a grand jury: "Provided, that when a
defendant has been held to answer, as provided in Chap-
ter XXII of Title XVIII of said Criminal Code, the infor-
mation against him shall be filed on or before the first day
of the next regular term of the circuit court, before which
he is required to appear, unless such circuit court, upon
good cause stated by the district attorney, shall extend the
time": B. & C. Comp. § 1260.   The requirement that the
information shall be filed within the time prescribed when
the defendant has been held to answer clearly implies that
a person may be charged by the district attorney with the
commission of a crime without having had a preliminary
examination of the case before a magistrate.

It must be admitted that the act of 1899, under consid-
eration, vests the district attorney with vast power, which,
if oppressively exercised, might possibly abridge the con-
stitutional right of one accused of a crime to demand the
nature and cause of the accusation against him: Const.
Or. Art. I, § 11.   When a defendant in a criminal action is
examined before a magistrate, the state is expected to pro-
duce sufficient testimony to prove that a crime has been
committed, and also to make a *prima facie* showing that
the person accused thereof is apparently guilty: B. & C.
Comp. § 1643.   By this means the defendant, without
offering any testimony in exculpation, is generally enabled
to ascertain the nature of the indictment likely to be re-
turned against him, and also to anticipate the extent and
character of the testimony that will probably be produced
in support of the charge, thus enabling him intelligently
to prepare for his defense.   The practice, however, of in-
dicting persons without according them preliminary exam-
inations (B. & C. Comp. § 1278), has long been acquiesced
in by the courts of this state, but in such cases the per-

sons accused, relying upon the presumption that official
duty has been regularly performed (B. & C. Comp. § 788,
subd. 15), might safely conclude that five of the grand
jurors, at least, concurred in believing that all the evi-
dence before them, taken together, was such as, in their
judgment, would, if unexplained or uncontradicted, war-
rant a conviction by a trial jury : B. & C. Comp. §§ 1284,
1294. It is possible that the district attorney, under the
act of 1899, might call in support of a criminal charge
but few witnesses, whose names would be inserted at the
foot of or indorsed upon an information, and the person
accused have no knowledge of the proceeding until taken
before a court for arraignment; and, though he would
then be informed of the nature of the accusation against
him, and supplied with a copy thereof, he might be sur-
prised at the trial by the testimony of many other wit-
nesses against him whose names were not so inserted or
indorsed. So, too, he might be arrested, and, without a
preliminary examination, lodged in jail, charged by the
district attorney with a nonbailable crime (Const. Or. Art.
I, § 14), to abide the result of his trial in the circuit court
upon an information, thus depriving him in the mean
time of any opportunity to establish his innocence ; and,
though the letter of the law may have been strictly kept
by the procedure adopted, the spirit of fairness that has
ever characterized American jurisprudence, as applied to
criminal prosecutions, would thereby be grossly violated.
We do not wish to be understood as intimating that in
the case at bar the district attorney has exercised any au-
thority to the oppression of the defendant. The guaranty
of the organic law of the state that the accused in a crimi-
nal prosecution shall have the right to meet the witnesses
face to face (Const. Or. Art. I, § 11) is satisfied when at
some stage of the trial the defendant is confronted with
the witnesses, and given an opportunity to cross-examine

them : *Goldsby* v. *United States*, 160 U. S. 70 (16 Sup. Ct. 216) ; *In re Bates*, Fed. Cas. No. 1,099*a*. The right of the legislative assembly to prescribe the mode of procedure in the trial of criminal actions, when not violative of the organic act of the state, is conceded, but as the practice under the act of 1899 has evoked much criticism from the members of the bar, upon the theory that the district attorney has been clothed with too much power, an amendment of that act, so as to make it conform to, and bring it in harmony with, the spirit of the age, would undoubtedly conduce to the general welfare of the state, and safeguard the interests of those persons who may be accused of the commission of crimes upon information. The statute having authorized the district attorney to file an information without an examination of the charge by a committing magistrate, no error was committed in refusing to set aside the information because it was so filed.

2. It is insisted by defendant's counsel that the court also erred in overruling their motion to set aside the information on the ground that it was not properly indorsed. The statute regulating procedure of this character provides that an information shall be substantially in the form prescribed for an indictment (B. & C. Comp. § 1259), which form requires that the latter pleading shall be indorsed "A true bill," and signed by the foreman of the grand jury : B. & C. Comp. § 1304. The purpose to be subserved by requiring an indictment to be indorsed in the manner indicated was evidently to certify to the court the conclusion reached by at least five of the grand jurors, who must concur therein before it is returned (B. &. C. Comp. § 1294); but such indorsement is not a jurisdictional prerequisite, nor is it an essential statement of any fact constituting the commission of the crime : *State* v. *McElvain*, 35 Or. 365 (58 Pac. 525). The district attorney is alone responsible for informations returned into court,

the filing of which affords conclusive evidence of his intention to prosecute the persons charged; and, as the law does not require the performance of vain things, no necessity would appear to exist for indorsing the information in the manner insisted upon.

3. Besides, the pleading is indorsed "A true information," under which appear the printed words "Geo. E. Chamberlain, District Attorney." This was an adoption by that officer of the printed signature as his own, binding him as effectually as if personally subscribed by him, and rendering the indorsement a substantial compliance with the provisions of the statute.

4. The information contains the names of nine witnesses who had been examined in support of the charge, and on the day of the trial the district attorney, at defendant's request, furnished him a list of the names of such other witnesses as he expected to call on behalf of the state; but he was permitted, over defendant's objection and exception, to introduce the testimony of five other witnesses, whose names did not appear on the information or in the list so supplied, and it is contended that an error was thereby committed. The statute requires that the name of each witness examined on oath or affirmation by the district attorney in support of any information shall be inserted at the foot of or indorsed thereon before it is filed; otherwise the testimony of such witnesses cannot be heard against the defendant at the trial of such information: B. & C. Comp. § 1262. No complaint is made that the district attorney did not indorse upon the information the names of all the witnesses examined by him upon oath or affirmation in support of the charge. The statute does not require that a person accused of a crime shall be furnished with the names of witnesses who were not examined by the district attorney prior to filing the information before they can testify against him in a criminal action, but,

such course having been adopted in the present instance, dispels every inference of a purpose to mislead the defendant. There being no evidence of any practice tending to restrict the rights of the defendant to a fair trial, or to take an advantage of him, no error was committed in permitting witnesses whose names are not noted on the information to testify for the state at the trial: *State* v. *Warren*, 41 Or. 348 (69 Pac. 679); *Keener* v. *State*, 18 Ga. 194 (63 Am. Dec. 269); *State* v. *Abrahams*, 6 Iowa, 117 (71 Am. Dec. 399).

No error appearing from the bill of exceptions, it follows that the judgment is affirmed.        AFFIRMED.

Decided 2 June, 1903.