Argued May 1, affirmed May 13, 1964

# STATE OF OREGON *v.* GUSE
## 392 P. 2d 257

*Fred H. Bernau,* Roseburg, argued the cause for appellant. On the briefs were Bernau & Wilson, Roseburg.

*Philip J. Washburn,* Deputy District Attorney, Roseburg, argued the cause for respondent. With him on the brief was Avery W. Thompson, District Attorney, Roseburg.

Before McALLISTER, Chief Justice, and O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

GOODWIN, J.

Defendant was convicted of violating ORS 164.240 (burglary not in a dwelling) and appeals.

There are three assignments of error.

It is first contended that the indictment was bad because the grand jury indicted the defendant upon insufficient evidence. The defendant reasons that certain witnesses whose names were endorsed on the indictment demonstrated by their testimony at the trial that they did not know about, and therefore could not have presented, enough evidence before the grand jury to justify the return of a true bill against the defendant. This assignment of error is without merit.

Except in a limited class of cases of which this is not a member, there is no authority in this state for an accused to look behind the indictment to evaluate the evidence given the grand jury. The state is required to advise the accused of the identity of his accusers by endorsing their names upon the indictment. ORS 132.580; 135.510 (2). By complying with these statutes, the state incidentally advises the accused of the names of at least some of the witnesses who may be expected to give evidence against him at the trial. *State v. McDonald,* 231 Or 24, 361 P2d 1001 (1961), cert. den. 370 US 903, 82 S Ct 1247, 8 L Ed2d 399 (1962). The state is not, however, required to disclose what the witnesses said before the grand jury. See *State v. Kelliher,* 49 Or 77, 88 P 867 (1907).

It is presumed that an indictment was duly returned upon sufficient evidence to give the grand jury probable cause to believe that a crime had been committed by the accused. *State v. Belding,* 43 Or 95, 71 P 330 (1903). If the accused is later found to be guilty, there is no reason to look behind the indictment. If he

is found to be innocent, he may have some reason to seek civil redress against his accusers, but even then his right to inquire into the testimony before the grand jury is strictly limited. ORS 132.220. For a guide to proper inquiry into grand jury testimony, see *Gowin v. Heider,* 237 Or 266, 386 P2d 1, 9, 391 P2d 630 (1964).

■ In the case at bar the witnesses who testified before the grand jury testified to only a part of the evidence used by the state at the trial. Other witnesses, whose attendance before the grand jury had not been deemed necessary to obtain the indictment, presented evidence that was useful to the prosecution at the trial. There is nothing unusual about such a state of affairs, nor is the production of such evidence unfair to the defendant. There is no requirement that every witness who appears before the grand jury also appear at the trial. Likewise, there is no requirement that every witness who will appear at the trial be first examined by the grand jury.

■ The state may not have considered it necessary to present to the grand jury a dress rehearsal of the trial. There was clearly no duty to do so. After a jury trial no useful purpose is served by an investigation of the sufficiency of the evidence taken before the grand jury. If the accused is acquitted the matter is moot. If he is convicted, it is irrelevant. The sufficiency of the evidence to convict may always be tested at the trial by the motion for a directed verdict. Judicial review of the trial court's ruling on that motion is available through the statutory right of appeal.

■ The remaining assignments of error require only brief notice. One asserts that the evidence was insufficient to support the conviction. It is clearly with-

out merit. The defendant not only admitted the burglary, but was proven to have been in possession of the fruits thereof shortly after the crime.

The final assignment of error challenges a ruling upon the admissibility of evidence. One of the objects taken in the burglary was a blank check of the type used by the victim for payroll and other purposes. Such a check, forged, and made payable to the defendant, was found in the defendant's possession. He objected that the exhibit was not sufficiently connected to the burglary to be relevant. There was adequate evidence to connect the exhibit with the crime, and the weight to be given the evidence was for the jury.

Affirmed.