Argued November 13, 1968, affirmed February 19, petition
for rehearing denied March 18, 1969

STATE OF OREGON, *Respondent, v.*
RONALD WAYNE LARSON,
*Appellant.*
450 P. 2d 754

*Edward Brekke,* Milwaukie, argued the cause and
filed a brief for appellant.

*Thomas H. Denney,* Deputy District Attorney, Oregon City, argued the cause for respondent. With him

on the brief was Roger Rook, District Attorney, Oregon City.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, DENECKE, HOLMAN and LANGTRY, Justices.

SLOAN, J.

Defendant Anderson was convicted of assault and robbery while armed with a dangerous weapon and appeals.

■ His first assignment of error claims that the court should have dismissed the indictment because there was no evidence presented to the grand jury that connected defendant with the alleged crime. The question is answered adversely to defendant in *State v. Guse,* 1964, 237 Or 479, 392 P2d 257. There is no need to repeat the reasons given in the *Guse* case for denying this assignment.

■ The second assignment claims the court should have given a judgment of acquittal because all of the state's witnesses were accomplices to the crime and there was, therefore, no corroboration of their testimony. In this case defendant testified and his own evidence corrorborates the other testimony sufficiently to sustain the court's ruling.

Next it is claimed the court should have allowed a new trial because of alleged misconduct of one of the jurors. The alleged misconduct of the juror was definitely not sufficient to cause this court to overrule the trial court's discretion in the case. *State v. Gardner,* 1962, 230 Or 569, 371 P2d 558.

■ The last assignment claims that the court erred in instructing the jury that a concurrence of ten of their number was sufficient for a verdict. Defendant

relies on ORS 136.610(2) which provides that "Except as otherwise provided, the verdict of a jury trial in a criminal action shall be unanimous." Defendant overlooks that it is otherwise provided by Art I, § 11, of the Oregon Constitution that a verdict may be by ten members of a jury. This provision of Art I, § 11, was added to that section by an amendment adopted by the people in 1934.

The statute, ORS 136.610(2), providing for a unanimous verdict, had its inception in 1864 and was unchanged until the code revision of 1953. The revisors added the phrase, "Except as otherwise provided," in an attempt to square the statute with the constitutional provisions of Art I, § 11. See revisor's notes to ORS 136.610(2). There is a basis for this in the legislative history of the 1934 amendment to Section 11 which added the provision for a verdict by ten members of a jury.

Reference to the 1934 Voters' Pamphlet arguments in respect to the proposed amendment clearly indicates that the proponents of the amendment considered that they were, in effect, amending the statute which required unanimous verdicts. Prior to the 1934 amendment the constitution only required a trial by jury. The statute, of course, required a unanimous verdict. The entire argument in the Voters' Pamphlet was that the constitutional amendment would eliminate the requirement of unanimous verdicts. The amendment was intended to be, and was, self-executing. This belief is fortified by the following provision written into the amendment to Art I, § 11:

> "* * * provided further, that the existing laws and constitutional provisions relative to criminal prosecutions shall be continued and remain in effect

as to all prosecutions for crimes committed before the taking effect of this amendment."

We think, therefore, that the constitutional provision prevails and that the verdict by ten members is sufficient.

In reaching this conclusion we voice no opinion as to whether or not Art I, § 11, violates the Sixth Amendment to the Federal Constitution. That issue was mentioned on appeal but was not presented to the trial court. In any event, this case was tried prior to May 20, 1968, the cut-off date for the prospective application of *Duncan v. Louisiana,* 1968, 391 US 145, 88 S Ct 1444, 20 L ed2d 491. See *De Stefano v. Woods,* 1968, 392 US 631, 88 S Ct 2093, 20 L ed2d 1308.

Judgment affirmed.