Argued March 31, affirmed April 13, 1972

# STATE OF OREGON, *Respondent, v.*
# TERRY JAMES PATRICK, *Appellant.*

495 P2d ·1210

*John Toran, Jr.,* Portland, argued the cause and filed the brief for appellant.

*Walter L. Barrie,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Defendant appeals from conviction and sentence on separate counts of armed robbery and assault with intent to kill. He assigns as error the trial court's rejection of his motions to dismiss the indictment (which will be treated as motion for acquittal or directed verdict because ORS 134.150 does not appear to provide for a defendant to move for dismissal of an indictment), on the grounds (1) that insufficient evidence was presented to the grand jury upon which to base an indictment, and (2) that defendant had been assured by police and district attorney of no prosecution on these charges in return for his guilty pleas to other charges.

Defendant contends he can go behind the indictment and question the evidence presented to the grand jury. Similar contentions were made in *State v. Guse,* 237 Or 479, 481, 392 P2d 257 (1964), which is in point on its facts in this regard with the case at bar. The court said:

> "It is presumed that an indictment was duly returned upon sufficient evidence * * *. If the accused is later found to be guilty, there is no reason to look behind the indictment * * *."

██ Detective Daly, who investigated defendant's burglary and larceny activities, testified that the armed robbery was not the subject of the plea bargaining he was involved in, although some 35 burglary cases, a receiving and concealing of stolen property, and a grand larceny case were. His testimony was positive in this regard and while he was giving it defendant interrupted it with exclamations that the detective was lying. Defendant testified he understood the robbery case was not to be prosecuted. The court heard testimony on the subject from other witnesses, including attorneys Eder, who represented the defendant on the receiving and concealing case, and Des Brisay, Donnelly, Chaivoe and Deputy District Attorney Bruun, who carried on most of the negotiations for the district attorney. Eder and Bruun both testified they were unaware of such pending charges as those at bar. After arguments on the motion the court ruled:

"* * * [M]otion is denied.

"I find * * * Mr. Toran, for the purpose of appeal or whatever you wish, I find that there was not knowledge of the District Attorney, Mr. Bruun, at the time he negotiated with you and/or Mr. Eder, that the present charges were pending * * *.

"I further find that you did not call this charge to the District Attorney's attention, and I further find that you did not know of it * * *."

Defendant's counsel continued to argue with the court. Several pages on in the transcript, the court is quoted:

"* * * [B]ut there's no evidence here that this was part of the agreement * * *.

"* * * I find no evidence that this was within the contemplation of the parties * * *."

■ ■ The record supports the trial court's ruling. Defendant appears to contend that regardless of whether the deputy district attorney doing the negotiating knew about all charges that were possible against the defendant at the time, they were all discharged by the bargain. He also seems to contend that if someone in the police department or the district attorney's office had had information at that time that could have been the basis for a possible charge, that knowledge was necessarily imputed to the deputy district attorney doing the negotiating, with the result that all such possible charges were discharged. We reject both contentions for the obvious reason that if such were the rule it would lead to the absurd result that a very serious but unknown charge like murder or armed robbery could be wiped out by a bargain over a series of minor known offenses. We do not have before us or consider what our ruling might be if it were proven the negotiating district attorney had knowledge of another charge not mentioned in the plea-bargaining negotiations.

Having concluded as we do that the trial court's ruling is supported by the record, we do not consider other contentions raised in the briefs.

Affirmed.