Argued November 28, 1972, affirmed January 19, petition for
rehearing denied February 15, petition for
review denied May 22, 1973

# STATE OF OREGON, *Respondent, v.* MELVIN LUTHER COX (No. C-59800), *Appellant.*

**505 P2d 360**

*William C. Snouffer,* Portland, argued the cause and filed the brief for appellant.

*John W. Osburn,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Defendant appeals from conviction of first-degree murder.[1] Former ORS 163.010. The evidence

[1] The coindictee was convicted, affirmed in State v. Jones, 11 Or App 129, 500 P2d 1225 (1972).

which proved the murder, if believed, was that on May 28, 1970 defendant and another man while armed robbed the Freeway Bar in Portland, Oregon, and that the defendant in the course of the robbery shot and killed the bartender. Defendant was positively identified by four witnesses who were among those present in the bar at the time. Fingerprints taken from a vacated hotel room in the vicinity three days later were those of the defendant, who was apprehended some time later in Tennessee. Defendant was also identified by the hotel clerk as having been an occupant of the room.

The exhibits and statements of counsel in pretrial arguments to the court indicate that after the robbery and murder in Portland defendant was involved in a murder in Lewiston, Idaho of which he was convicted, a bank robbery in Tennessee of which he was convicted, and the shooting of an officer in Illinois. Defendant was also charged with and later convicted of another Tennessee bank robbery which occurred before the Portland murder.

Numerous claims of error have been argued by the defendant which are treated separately below.

## DISMISSAL FOR LACK OF SPEEDY TRIAL.

■ This contention revolves principally around what defendant calls the failure to honor his demand for a speedy trial after he was apprehended and in the custody of federal officials in Tennessee. Defendant wrote a letter from Tennessee to the Multnomah County District Attorney on January 18, 1971, soon after his federal convictions for bank robbery, in which he demanded a speedy trial. The Multnomah County District Attorney's office corresponded with him soon

thereafter. On March 16, 1971 Cox was sentenced for his federal bank robbery convictions. Thereafter, he was successively moved by federal officials from Knoxville, Tennessee, to El Reno, Oklahoma, to Lompoc, California, to Lewiston, Idaho for the Idaho murder prosecution, from there to Fort Leavenworth, Kansas, and then to the federal penitentiary in Marion, Illinois on October 27, 1971. On December 16, 1971, prompted by the Multnomah County District Attorney's efforts, he was ordered transferred to Oregon for trial. Once in Oregon for trial, three different counsel were appointed for him over a period of a month and delay in commencing his trial thereafter was due more to his own motions and allowing time for his counsel to prepare for his trial than anything else. Trial commenced on March 28, 1972. In *State v. Robinson,* 3 Or App 200, 473 P2d 152 (1970), we quoted from *Dickey v. Florida,* 398 US 30, 90 S Ct 1564, 26 L Ed 2d 26 (1970), at 47-48:

> " '* * * It appears that consideration must be given to at least three basic factors in judging the reasonableness of a particular delay: the source of the delay, the reasons for it, and whether the delay prejudiced interests protected by the Speedy Trial Cause.' " 3 Or App at 213.

Defendant's arguments fail before all three of these tests.

■ The defendant also complains that under the Interstate Agreement on Detainers he is entitled to a dismissal of the indictment because he was not brought to trial within the 180 days required thereunder from the time he demanded a speedy trial. Oregon adopted the Interstate Agreement on Detainers as Oregon Laws 1969, ch 362, codified as ORS 134.605 et seq. The federal government, which had custody of defendant,

did not adopt it until an effective date in March 1971, which was after defendant wrote his letter of demand.

Article 3 of the agreement states that when a person has entered upon a term of imprisonment imposed by a party and there is pending in another state an untried indictment he shall be brought to trial therefor within 180 days after he causes to be delivered to the prosecuting officer of the latter state a written notice of his request for the trial. This article specifically requires:

"* * * The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility * * *."

Three reasons appear why defendant's contention in this regard is without merit: (1) The federal government was not a party to the agreement, (2) defendant had not entered upon a "term of imprisonment" when he wrote the demand letter, and (3) his letter of demand did not contain the information required in the language quoted above. Each of these reasons is sufficient to reject defendant's contentions.

## INDORSEMENT OF THE INDICTMENT.

■ Defendant contends that because the grand jury foreman did not write on the indictment "a true bill" in his own handwriting the indictment should have been set aside. ORS 132.400 provides:

"An indictment, when found, shall be indorsed 'a true bill,' and such indorsement signed by the foreman of the jury."

The form of the indictment had printed upon it "a true bill" and was signed immediately thereunder by the foreman of the grand jury. We think this fully complies with the statutory requirement, without detailing reasons therefor. In virtually identical situations courts of other states have recently held so. *State v. Schell,* 248 Ind 183, 224 NE2d 49 (1967); *Wheeler v. State,* 220 Tenn 155, 415 SW2d 121 (1967).

## REFUSAL TO ALLOW DEFENDANT TO INSPECT GRAND JURY MINUTES.

■ Defendant moved to dismiss the indictment because the court did not allow him to inspect the grand jury minutes. The court denied the motion. There is no merit to the contention that this was error. *State v. Patrick,* 9 Or App 31, 495 P2d 1210 (1972); *State v. Guse,* 237 Or 479, 392 P2d 257 (1964).

## ATTENDANCE OF OUT-OF-STATE WITNESSES.

■ Defendant contends that his request for process which would bring two Illinois witnesses to Oregon to testify about his mental condition was erroneously denied. Before trial the defendant was examined by two psychiatrists appointed by the court, and immediately before the trial when he was making additional demands for examinations in this regard the court obtained the services of a neurologist of his choice to further examine him. His request before the trial for the two witnesses from Illinois gave no indication to the court what they might testify about. The court allowed him to pass this in written form to it without the prosecution's seeing it. The court then sealed it and put it into the file. The trial court's action in this regard is discretionary. *State v. Smith,*

1 Or App 153, 157, 158, 458 P2d 687 (1969). We have read the confidential request and conclude that the court acted well within the bounds of its discretion in the case at bar.

## EXCLUSION OF EYE WITNESSES' TESTIMONY.

■ Defendant contends that because counsel was not present when the eye witnesses were shown groups of pictures, one of which was that of defendant, and because the witnesses saw defendant in the crowded courthouse hallway after having been told he would pass through it, the entire testimony of those witnesses should be excluded. We have reviewed the testimony of the witnesses and find that they positively and independently of the photographs identified the defendant. The witnesses had a clear opportunity to see the defendant, who wore no disguise of any kind, at the time of the robbery and convincingly identified him in the courtroom. This is sufficient. *State v. Smith*, 1 Or App 153, 160, 458 P2d 687 (1969). The groups of photographs (called "mug" shots) were shown to the witnesses after the defendant was in custody on federal charges in Tennessee. There was no possibility of his then being brought to Oregon where counsel could be appointed for him, and appointment of counsel without his presence would have been fraught with difficulties. The police had a need for positive identification or the contrary from witnesses at that time. The *Wade-Simmons*[2] rules are meant as a shield for defendant against unfair and suggestive police identification methods, and not as a weapon to be used against legitimate law enforcement activity. We are

[2] United States v. Wade, 388 US 218, 87 S Ct 1926, 18 L Ed 2d 1149 (1967); Simmons v. United States, 390 US 377, 88 S Ct 967, 19 L Ed 2d 1247 (1968).

satisfied, after reading the record, that nothing suggestive occurred which influenced identification.

The defendant urges *United States v. Ash,* 461 F2d 92 (DC Cir 1972), in support of his contentions in this regard. There are a number of reasons why that case is unpersuasive of the result defendant seeks here: In *Ash,* as distinguished from the case at bar, none of the witnesses had the opportunity these had at the time of the crime to see the defendant. They were not positive, as these were. In each instance these were positive: when they saw defendant's picture in a group of pictures, when they saw him in the hallway of the courthouse at the time of his accomplice's trial and at the time of his trial. Further, the pictures shown in *Ash* of that defendant and his accomplice were full length, and the others in the group were head and shoulders. In the case at bar, all pictures shown were head and shoulder "mug" shots. Further, in *Ash* the defendant was in immediate custody, which was a significant factor the court mentioned several times, pointing out that a lineup with counsel present could have been held. As we have noted before, defendant in the case at bar was unavailable to the police in Oregon, so that it was not feasible to have counsel appointed for him. The court in *Ash* mentioned that it was aware that most courts have held the *Wade-Simmons* rules are not applicable to photo identification. The other cases urged by defendant are no more persuasive for defendant's contentions than is *Ash.*

## EXCLUSION OF EVIDENCE TAKEN FROM HOTEL ROOM.

■ The robbery-murder occurred on May 28. The fingerprints of defendant were taken from a hotel

room on May 31. The hotel manager testified that two men had occupied the hotel room with a requirement that rent be paid in advance. Their rent expired on May 30 and a written notice was placed in their box at the hotel desk several days prior to the 30th reminding them of it. The key the occupants used was also left at the hotel desk some time prior to May 30 and the key was not used again and the room had not been occupied for several days when the hotel manager made it accessible to police. Defendant contends that the search of the room with the consent of the hotel manager was illegal. The contention is without merit. *State v. Dougherty,* 8 Or App 267, 493 P2d 1383 (1972).

## REFUSAL TO INSTRUCT ON LESSER INCLUDED OFFENSES.

■ The court instructed the jury upon felony (robbery) first-degree murder only. The request of the defendant for lesser included offense instructions was properly refused. *State v. O'Berry,* 11 Or App 552, 503 P2d 505 (1972); *State v. Jensen,* 209 Or 239, 289 P2d 687, 296 P2d 618, *appeal dismissed* 352 US 948 (1956), *reh denied* 352 US 990 (1957); *State v. Wilson,* 182 Or 681, 189 P2d 403 (1948).

Affirmed.