Submitted on record and appellant's brief May 7,
reversed and remanded May 19, 1975

STATE OF OREGON, *Appellant, v.* ROBERT
FELIX GONZALES (No. 8223), *Respondent.*
535 P2d 108

Robert E. Brasch, District Attorney, and Gary L.
Gardner, Assistant District Attorney, Coquille, filed
the brief for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Langtry and
Foley, Judges.

SCHWAB, C. J.

The defendant was cited for violation of the
basic rule and upon trial without a jury was con-

victed in Coos County District court. He appealed to the Coos County circuit court and thereafter moved to dismiss the charge against him for lack of a speedy trial when 11½ months had expired subsequent to his notice of appeal. Defendant's motion to dismiss read as follows:

"Comes now the Defendant, Robert Felix Gonzales, by and through his attorney, Steven L. Swartsley, and moves the court for an order for dismissal of the above entitled matter for failure of the court to provide a speedy trial on the grounds and for the reasons that this case was originally set for trial in the District Court of Coos County on the 23rd day of January, 1974. On or about the 14th day of February, 1974 an Order and Notice of Appeal was filed and said matter was appealed to the Circuit Court of Coos County. On the 15th day of March, 1974 I returned to the Circuit Court of Coos County a Notice setting forth the dates I would be available during May, June or July of 1974 for said trial. Since March 15, 1974 I have received nothing further from the Circuit Court of Coos County until January 31, 1975 when I received another Notice from said court stating the above case is at issue and may be set on the trial calendar for trial during March, 1975 and wanting to know on what dates during March that I will be available for trial."

The motion was considered by the circuit court with neither defendant nor his attorney appearing in person or by affidavit. The record shows that the judge did nothing more than to call the motion for hearing, note that defendant was not present, and then allow the motion.

In *State v. Evans,* 19 Or App 345, 527 P2d 731 (1974), Sup Ct *review denied* (1975), involving a felony charge, we held that under the circumstances of that case a delay of 22 months between indictment

and trial did not warrant dismissal for lack of a speedy trial. We stated:

"In determining whether defendant has been deprived of his right to a speedy trial, we must consider four factors: the length of the delay, the reasons for the delay, whether defendant asserted his right to a speedy trial, and prejudice to defendant. *Barker v. Wingo,* 407 US 514, 530; 92 S Ct 2182, 33 L Ed 2d 101 (1972). *See also State v. Cox,* 12 Or App 215, 505 P2d 360 (1973), *State v. Robinson,* 3 Or App 200, 473 P2d 152 (1970). 19 Or App at 349.

"To necessitate the drastic remedy of dismissal requires more than the mere counting of months passed between complaint or indictment and trial. It requires some showing of circumstances which imply a reasonable possibility of prejudice. The more time gone by, the more likely we must consider that reasonable possibility to be and the more ready we are to impute the loss of evidence to the passage of time." 19 Or App at 351.

Reversed and remanded.