**Melvin Luther COX, Appellant,**

v.

**James R. RIGGSBY, Warden, Appellee.**

No. 78–1957.

United States Court of Appeals, Ninth Circuit.

April 23, 1979.

Phillip M. Margolin, Portland, Or., for appellant.

Karen H. Green, Asst. Atty. Gen., Salem, Or., for appellee.

Before KILKENNY and SNEED, Circuit Judges, and WATERS, District Judge.*

KILKENNY, Circuit Judge:

Appellant was convicted in the Oregon State Circuit Court of the crime of first degree murder. He appealed to the Oregon Court of Appeals where his conviction was affirmed. *State of Oregon v. Cox*, 12 Or. App. 215 (1972), 505 P.2d 360. His petition for rehearing in that court was denied and his petition for review in the Supreme Court of Oregon was likewise denied. Or. (1973). Subsequently, he filed a petition for a writ of habeas corpus in the United States District Court for the District of Oregon. The state responded by filing a complete record of the proceedings in the Oregon State courts. From a denial of his habeas petition, the appellant prosecutes this appeal.

Appellant's sole assignment of error on this appeal is that the trial court erred when it admitted eye-witness identifying testimony, claiming that the testimony was influenced by inherently suggestive procedures in violation of the Fifth, Sixth and Fourteenth Amendments. to the United States Constitution.

The facts surrounding the eye-witness identification of appellant, both in and out of court, are fully developed in the opinion of the Oregon Court of Appeals, supra. The precise issue here presented was decided adversely to the appellant by the Oregon court. 12 Or.App. at pp. 222–223, 505 P.2d at 364.

We hold that the decision of the Oregon court on this issue is fully supported by the record and correctly applies the applicable principles of law to the facts.

We conclude that the judgment of the district court must be affirmed.

IT IS SO ORDERED.