Submitted September 29, 2020, affirmed July 14, petition for review denied September 30, 2021 (368 Or 597)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DANIEL ALBERT BELLEQUE,
aka Daniel Albert Bellegue,
aka David Albert Gonzles,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CR23130; A169979

494 P3d 1004

Defendant was charged by information with the felony charge of unlawful use of a weapon (UUW), ORS 166.220. The trial court held a preliminary hearing after which it determined that probable cause existed to proceed to trial on the UUW charge. Defendant waived jury, and, after a bench trial, he was convicted of UUW. On appeal, defendant assigns error to the court's finding of probable cause, arguing that it engaged in a "flawed probable cause analysis" because it failed to consider certain affirmative defenses. As a result of that flawed analysis, defendant argues, the court lacked the authority to enter the subsequent judgment of conviction. He does not challenge the sufficiency of the evidence at trial. *Held*: Defendant's preliminary hearing "served the purposes" of Article VII (Amended), section 5, of the Oregon Constitution by operating as "a check on the district attorney's charging authority." Because the preliminary hearing served the purposes of Article VII (Amended), section 5, and because defendant does not challenge the sufficiency of the evidence used to convict him, the Court of Appeals concluded that no useful or practical purpose would be served by revisiting the evidence considered at the hearing.

Affirmed.

Leslie M. Roberts, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

MOONEY, J.

Affirmed.

**MOONEY, J.**

Defendant appeals a conviction for unlawful use of a weapon (UUW), a felony. The state charged defendant with two misdemeanors and UUW, ORS 166.220 (Count 1), by information of the District Attorney. Defendant did not waive a preliminary hearing and the matter was thus presented to the trial court for a determination of probable cause. The court concluded that there was probable cause for the state to proceed to trial, defendant waived a jury trial, and, after a bench trial, defendant was found guilty of all counts.

Defendant assigns error to the trial court's finding of probable cause at the preliminary hearing, arguing that the court "expressly declined to consider the affirmative justification defenses of self-defense, defense of premises, and defense of property." According to defendant, the court thus engaged in a "flawed probable cause analysis" because it did not require the state to disprove beyond a reasonable doubt that defendant was justified in the defensive use of the weapon. He argued that, because of that "flawed" analysis, the court was without subject matter jurisdiction to conduct a trial and convict defendant of the charged crime. For the reasons that follow, we conclude that the court was not deprived of subject matter jurisdiction and that it was not deprived of its authority to enter a judgment of conviction thereafter.

We draw the uncontested facts from the preliminary hearing transcript.[1] Defendant was camping at Laurelhurst Park in northeast Portland across the street from S's house. S confronted him early in the morning to ask if he knew that the park was a "no-camping" zone and that he was blocking a running path. Defendant said that he did not know and that he would leave soon. S drove his wife to work and, when he returned, S again confronted defendant and asked why he had not yet left. Defendant again said that he would leave, but, at that point, S walked up to defendant's tent and began asking about the tarp that covered the area where

---

[1] The evidence presented at trial was somewhat different from that presented at the preliminary hearing. But our review is limited to the preliminary hearing, and we state the evidence as it developed there.

defendant slept. S indicated that the tarp looked similar to one that had recently been stolen from his garage, and he asked defendant, "Do you have your name on it?"

At that point, defendant emerged from his tent with a half-gallon jug of urine and splashed it toward S while he cursed at him. S responded with "two can play at that game," and he walked closer to the tent. S testified that he "just stood there," about "a foot" or "three feet" away from the tent, but defendant testified that S threatened to urinate in retaliation. Defendant stated that, at that point in the interaction, he told S that he would "cut his dick off" if he did so. But S described that moment differently when he testified that, at that point, defendant reached into his tent and "came out with—what looked like a machete and he said 'I'm going to kill you, motherfucker[.]'" S backed away from defendant and called 9-1-1.

Officer Oldham responded to the 9-1-1 call and met defendant. He told defendant that he was detaining him while investigating a possible unlawful use of a weapon. Defendant immediately told Oldham that an individual had come across the street to bother him. Oldham read defendant his *Miranda* rights and confirmed that defendant understood those rights. Defendant then described the events in much the same way as he did when he later provided a statement at the preliminary hearing: that, when S touched his tent and threatened to urinate on it, defendant brandished his knife and told him that "[i]f you piss on my shit, I'll chop your dick off." Oldham testified that defendant estimated that S was about "four and a half feet" away from S, but that his knife was in its sheath during the interaction and kept by his waist. Oldham arrested defendant for unlawful use of a weapon and seized his knife. He testified that it was a "large hunting knife," with about a "12-inch blade" that was "capable of causing serious physical injury." He further testified that defendant was cooperative and conversational throughout the encounter.

In addition to that evidence, during defendant's statement to the court, he stated that he felt "very threatened" by S and that "[y]ou don't approach a homeless person in any state, period," and that S should have let "the cops

handle it[.]" He stated that he believed that S was retaliating because "maybe somebody did break into his stuff * * * but you can't take it out on somebody else." Finally, he speculated that S probably "doesn't like the homeless around him," but "[t]hat doesn't give him a right to take that anger out on the next person."

      The trial court ruled in favor of the state, finding probable cause, and explained that requiring the state to disprove self-defense beyond a reasonable doubt at a preliminary hearing is "inconsistent with the purpose and the burden" that the state bears at the preliminary stage of the proceedings. Defense counsel then attempted to make a different argument, but the court stated that it had ruled and that it would not allow further arguments. Defense counsel asked if she could ask questions that were relevant to defendant's self-defense theory, and the court responded:

> "So—okay, so you're asking the question in the guise of having further debate, and so I'll allow you to do that. So go ahead and make your argument as opposed to asking me a question."

At that point, defense counsel stated that she was "happy to just proceed with the hearing, ask my questions; have [the prosecutor] object at that point." However, the state did not object to the self-defense evidence and that evidence was, therefore, before the court at the preliminary hearing.

      Defendant argues that the constitutional purposes of a preliminary hearing were not served because the trial court "incorrectly concluded that self-defense was not pertinent to its probable cause determination[.]" According to defendant, "because the court did not engage in a lawful preliminary hearing procedure," it did not have "jurisdiction" to try or convict him. The state correctly notes that challenges to the sufficiency of the evidence presented at grand jury proceedings are not reviewable. *State v. Guse*, 237 Or 479, 482, 392 P2d 257 (1964). It argues that the same rule should apply to preliminary hearings. The Supreme Court has stated that, in the grand jury setting, such challenges are not reviewable because

> "no useful purpose is served by an investigation of the sufficiency of the evidence taken before the grand jury. If the

accused is acquitted the matter is moot. If he is convicted, it is irrelevant. The sufficiency of the evidence to convict may always be tested at the trial by the motion for a directed verdict. Judicial review of the trial court's ruling on that motion is available through the statutory right of appeal."

*Id.* The state argues that the same logic should apply here because any insufficiency of the evidence before the court at the preliminary hearing was rendered irrelevant once defendant was tried and convicted.

We begin with the Oregon Constitution. The circuit courts have subject matter jurisdiction over all legal actions, including criminal cases, unless subject matter jurisdiction has been vested in some other court by the constitution or a statute or rule of law that is consistent with the constitution. *State v. Terry*, 333 Or 163, 186, 37 P3d 157 (2001), *cert den*, 536 US 910 (2002); *see also* Or Const, Art VII (Amended), § 2 ("The courts, jurisdiction, and judicial system of Oregon, except so far as expressly changed by this amendment, shall remain as present constituted until otherwise provided by law."); Or Const, Art VII (Original), § 9 ("All judicial power, authority, and jurisdiction not vested by this Constitution, or by laws consistent therewith, exclusively in some other Court shall belong to the Circuit Courts[.]").

Article VII (Amended), section 5(3) to (5), defines how felony charges may be initiated and it mandates the use of two components in that process: (1) "an accusatory instrument, either an indictment or an information" and (2) "a check on the district attorney's charging authority." *State v. Keys*, 368 Or 171, 176, 489 P3d 83 (2021).[2] It is undisputed that the district attorney initiated this criminal case with an information charging defendant with UUW. Defendant does not contend that the information was defective. And the validity of a waiver is not in question, because defendant did not waive his right to a preliminary hearing. The question before us is whether the circuit court lacked subject matter jurisdiction to try and, therefore, the authority to

---

[2] The Supreme Court issued its opinion in *Keys* after the underlying trial took place and after the parties briefed and argued this appeal. That decision does not change the disposition of this appeal and, in any event, we must determine any error by the law existing at the time the appeal is decided. *State v. Jury*, 185 Or App 132, 136, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003).

convict defendant, if the evidence presented at the preliminary hearing was insufficient to support probable cause.

Article VII (Amended), section 5(5), provides:

> "The district attorney may charge a person on an information filed in circuit court if, after a preliminary hearing before a magistrate, *the person has been held to answer upon a showing of probable cause that a crime punishable as a felony has been committed and that the person has committed it*, or if the person knowingly waives preliminary hearing."

(Emphasis added.) "[T]he preliminary hearing is designed to make it possible for an accused to avoid defending against an unjustified charge." *State v. Clark*, 291 Or 231, 235, 630 P2d 810, *cert den*, 454 US 1084 (1981). As in grand jury proceedings, preliminary hearings ensure that a constitutionally sanctioned third party agrees that probable cause exists to allow the matter to proceed to trial against the defendant on the felony charges filed by the district attorney. *State v. Kuznetsov*, 345 Or 479, 484, 199 P3d 311 (2008) ("The constitutionally required roles of the grand jury and the magistrate in felony cases operate as a check on the power of the district attorney and serve a critical function in protecting individual liberties.").

We note that preliminary hearings afford the defendant a number of hearing-specific procedural rights that are not available to a defendant in the grand jury setting. *Clark*, 291 Or at 234. Those

> "include the right to the aid of counsel, ORS 135.070, 135.075; the right to subpoena witnesses, ORS 135.085; cross-examination of adverse witnesses, ORS 135.090; the right to make an unsworn statement subject only to limited questioning by the magistrate, ORS 135.095, 135.100; and ultimately, the right to the judgment of a trained judicial officer whether probable cause for the prosecution has been shown, based on evidence which the person to be charged could challenge or meet by opposing evidence or by his own statement, if he chose to do so. ORS 135.175, 135.185."

*Id.* A trained judicial officer—instead of a grand jury—must determine that probable cause exists and enter a written order to "hold[] the defendant for further proceedings on

the charge." ORS 135.185. In contrast, "the grand jury need not hear any evidence for the defendant, ORS 132.320(4); and it may find an indictment upon the apparent strength of prosecution evidence 'if unexplained or uncontradicted,' although the defendant had no opportunity to test, explain, or contradict the evidence. ORS 132.390." *Clark*, 291 Or at 234.

It is clear that a defect in an indictment or a defective waiver of an indictment or preliminary hearing does not divest the circuit court of subject matter jurisdiction. *Keys*, 368 Or at 202-03. Although there are a few cases that concern the constitutionality of the state's decision in the first place to proceed by preliminary hearing rather than by grand jury,[3] there is very little case law that directly addresses the adequacy of the preliminary hearing itself. In *Keys*, the Supreme Court reviewed the question of whether an invalid waiver of preliminary hearing deprives a circuit court of subject matter jurisdiction. In framing the issue before it, the Supreme Court formulated the question as follows:

> "[T]he question is whether a defect in the constitutional check on the district attorney's charging authority—*i.e.*, a defect in the defendant's waiver, a defect in *the magistrate's probable cause determination*, or a defect in the grand jury's probable cause determination—deprives a court of subject matter jurisdiction."

*Keys*, 368 Or at 176 (emphasis added). And although the court's resolution of *Keys* was limited to holding that an invalid waiver of preliminary hearing did not deprive the court of subject matter jurisdiction, it framed its question by including a defective preliminary hearing (*i.e.*, probable cause determination) as a "constitutional check on the district attorney's charging authority" similar to a defect in the waiver of such a hearing. Understood in that way—that the probable cause determination is a check on the prosecuting attorney's charging authority—we can see no logical reason

---

[3] *See, e.g.*, *State v. Edmonson*, 291 Or 251, 253-54, 630 P2d 822 (1981) (holding that the decision to proceed by grand jury or preliminary hearing does not violate a defendant's guarantee of equal privileges so long as the choice of procedure is not administered "purely haphazardly or otherwise on terms that have no satisfactory explanation under Art I, § 20").

for concluding that a defect in that determination would deprive the court of subject matter jurisdiction any more than would the absence of such a hearing due to a defective waiver.

Moreover, conducting a post-trial review of the sufficiency of evidence presented at a preliminary hearing is analogous to a post-trial review of the sufficiency of evidence presented at a grand jury proceeding. In either setting, no useful purpose would be served by that review, because (1) "[t]he sufficiency of the evidence to convict" was "tested at the trial," *Guse*, 237 Or at 482, *and* (2) the purposes of Article VII (Amended), section 5, were served. Even though preliminary hearings provide a defendant with more procedural rights than do grand jury proceedings, both proceedings yield determinations by persons outside the executive branch that there is probable cause to believe that the person has committed the felony with which he or she is charged. That is to say, both proceedings serve as a check on the district attorney's charging authority. And that evidence will later be developed and tested at trial through various tools such as cross-examination and motions for judgment of acquittal.

We conclude that defendant's preliminary hearing served the purposes of Article VII (Amended), section 5. It informed defendant of (1) the felony charge against him and (2) the state's theory of the case. It also allowed defendant to be present with his attorney, to make an unsworn statement, to cross-examine the state's witnesses, and to receive a probable cause determination by a magistrate. All of that served as a check on the prosecuting attorney's charging authority.

Defendant asserted the same theories of self-defense at trial as he did at the preliminary hearing, again testing the adequacy of the evidence against him. In so doing, the sufficiency of the evidence produced at the preliminary hearing was rendered irrelevant. We can think of no useful or practical purpose that would be served by revisiting the evidence considered at the preliminary hearing and assessing its adequacy now.

Affirmed.